UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Cause No. 4:21CR00367SEP |
| v. | ) |
| EDSON ORTIZ, | ) |
| Defendant. | ) |

## MOTION FOR DOWNWARD DEPARTURE

Comes Now, Edson Ortiz, by Counsel, and submits this motion requesting the Court depart downward from the Guideline range in this case based on his severe medical condition. U.S.S.G. § 5H1.4. In support of the request, Edson submits the following:

### Edson's Medical Conditions

Ortiz was diagnosed with Marfan Syndrome (MFS) at age four. MFS is an inherited disorder that affects connective tissue — the fibers that support and anchor your organs and other structures in your body.[1] Ortiz has undergone eight different eye procedures, including a total removal of his right eye and prosthetic insertion. He has had major heart surgery, which involved a mechanical heart valve replacement and aortic root repair. He suffered a brain aneurysm, which doctors believe has an increased chance for rupture. Additionally, Ortiz suffers from sleep apnea, hypertriglyceridemia,[2] regular migraines, and pes planovalgus feet.[3]

---

[1] The Marfan Foundation, accessed at https://marfan.org/conditions/marfan-syndrome/

[2] Hypertriglyceridemia occurs when one has too many triglycerides (fats) in their blood. This raises one's risk of heart disease. Rade N. Pejic and Daniel T. Lee, *Hypertriglyceridemia*, 19 THE JOURNAL OF THE AMERICAN BOARD OF FAMILY MEDICINE 3, 310-316 (May 2006).

[3] This is a foot deformity that causes severely flat and internally rotated feet which then causes knee, back, and hip issues. See Marc A. Raj; Dawood Tafti; John Kiel, *Pes Planus*, NATIONAL LIBRARY OF MEDICINE – NATIONAL CENTER FOR BIOTECHNOLOGY INFORMATION (September 2022), accessed at
https://www.ncbi.nlm.nih.gov/books/NBK430802/

Currently, Ortiz requires monthly blood draws, daily medications, and annual scans of his brain and heart to monitor his aneurysm and artificial valve. He will likely require at least one more heart valve replacement. Ortiz has already lost his right eye, and it seems as though his left eye is exhibiting the same progression and will likely deteriorate to the level of total blindness. Ortiz's vision in his remaining eye is deteriorating with the same problems which caused him to lose vision in his right eye at age fourteen. His right eye was completely removed in 2019. Ortiz's doctors do not want to perform additional surgeries on his left eye because they are afraid it may cause immediate blindness or loss of the eye, rendering him completely blind. They have referred to him to resources in the community to learn how to adapt to blindness in the community such as walking with a blind cane and learning braille to use in the future.

Due to the progression of his disorder, Ortiz's physical condition is equivalent to that of an elderly person, and he requires regular monitoring to check for further progression of his MFS. Ortiz's struggle with MFS is further detailed in the Defendant's Sentencing Memorandum.

### Downward Departure for Physical Condition

The sentence imposed by the Court must ensure that "needed . . . medical care" is provided "in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). The Commission recognizes that "[p]hysical condition . . . may be relevant in determining whether a departure is warranted." USSG § 5H1.4. "[A]n extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4. Section 5H1.4 allows a downward departure any time a sentencing court is presented with sufficient evidence of a serious physical impairment. *See United States v. Slater*, 971 F.2d 626, 634-35 (10th Cir. 1992); *United States v. Hilton*, 946 F.2d 955, 958 (1st Cir. 1991).

"It is important to realize that departures are an important part of the sentencing process because they offer the opportunity to ameliorate, at least in some respects, the rigidity of the Guidelines themselves. District judges, therefore, need not shrink from utilizing departures when the opportunity presents itself and when circumstances require such action to bring about a fair and reasonable sentence." *United States v. Gaskill*, 991 F.2d 82, 86 (3rd Cir. 1993).

Several courts have granted downward departures based upon physical infirmities. *United States v. Wadena*, 470 F.3d 735 (8th Cir. 2006) (District court departed from the guidelines to impose below guideline sentence of probation, in part, because client suffered from "chronic health conditions.); *United States v. McFarlin,* 535 F.3d 808 (8th Cir. 2008) (District court departed from the guidelines to impose sentence of probation and home detention for three years not unreasonable in view of defendant's poor health and multiple heart surgeries.); *United States v. Edwards*, 595 F.3d 1004 (9th Cir. 2010) (District court departed from the guidelines to impose sentence of probation to be served under house arrest not abuse of discretion due to defendants multiple serious health diagnoses.); *United States v. Carmona-Rodriguez*, 2005 WL 840464, 4 (S.D.N.Y., 2005) (unpub.) (Defendant sentenced below applicable guidelines in part because, post Booker, needed medical care is a factor that must be considered along with the guidelines.).

The need for "most effective" medical care also dictates strongly in favor of a sentence other than prison. Section 3553(a)(2) instructs the court to consider provision of medical care in "the most effective manner" and not only the availability of medical treatment." *See United States v. Coughlin*, 2008 WL 313099 (unpub.) (W.D. Ark. Feb. 1, 2008) (district court departed downward to sentence of probation with home detention for 27 months not abuse of discretion).

Ortiz's heart condition, brain aneurysm subject to bursting without proper monitoring and medication, and related side effects of Marfan syndrome including his need for special shoes with

3

inserts will create significant hinderances in the BOP. This young man's condition has driven him to severe depression in the past that has risen to the level of suicide multiple times. These conditions would make him defenseless in the BOP especially when he is a member of a class of offenders with a heightened risk of physical abuse. Edson Ortiz is the exact type of defendant the Sentencing Commission had in mind when drafting § 5H1.4. Not only would Edson be put at serious risk in the Bureau of Prisons, but he would also be putting an immense burden on them. These issues are discussed at length in the Defendant's Sentencing Memorandum.

WHEREFORE, for the reasons stated herein, Edson Ortiz respectfully asks this Court to depart downward and sentence him to time served, a period of home incarceration followed by lifetime supervised release.

Respectfully submitted,

FRANK, JUENGEL & RADEFELD,
ATTORNEYS AT LAW, P.C.


By  */s/ Daniel A. Juengel*
DANIEL A. JUENGEL (#42784MO)
Attorney for Defendant
7710 Carondelet Avenue, Suite 350
Clayton, Missouri 63105
(314) 725-7777

### CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following.

Jillian Anderson
Asst. United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri, 63102

*/s/ Daniel A. Juengel*
DANIEL A. JUENGEL

4