UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CR-00367-SEP |
| | ) | |
| EDSON S. ORTIZ, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

## 1.   PARTIES

The parties are the defendant Edson S. Ortiz, represented by defense counsel Daniel Juengel, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

## 2.   GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), in exchange for the defendant's voluntary plea of guilty to Count I of the Indictment, the Government agrees that no further federal prosecution of the Defendant will be brought in this District relative to the defendant's conduct underlying the charge in the Indictment of which the Government is aware at this time.

The parties agree that the U.S. Sentencing Guidelines calculations contained herein contain guidelines that may be applicable to this case. The parties understand that the Court is neither a

party to nor bound by the Guidelines recommendations agreed to in this document. The parties further agree that the Government will request a sentence of no more than 84 months to be followed by lifetime supervised release and applicable restitution and assessments. The parties further agree that the defendant may request any sentence available by statute. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document or the sentencing recommendation of the parties.

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, to include but not be limited to two Apple iPhone cellular telephones, an external hard drive and an Alienware laptop computer. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.   **ELEMENTS**

As to Count I, the defendant admits to knowingly violating Title 18, United States Code, Section 2423(b), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Travel with the Intent to Engage in Illicit Sexual Conduct are: (1) the defendant knowingly traveled across one or more state lines and in interstate commerce, (2) with the motivation and purpose of engaging in one or more illicit sexual acts, to include the production of child pornography, with a person (3) that the defendant believed was under the age of eighteen years.

4.    **FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

The defendant communicated with juvenile L.H. via WhatsApp and Snapchat social media applications. Juvenile J.H. reported that these communications began when L.H. was about fourteen years of age, at which time the defendant was between twenty-four and twenty-five years of age.   L.H. informed the defendant of her age when she turned fifteen years of age. The communications between the defendant and L.H. were sexual in nature.  On or about October 23, 2020, the defendant travelled by airplane from the State of California to St. Louis County, Missouri, for the purpose of engaging in unlawful sexual contact with L.H.  On or about October 24, 2020, the defendant met L.H. at the Comfort Inn and Suites in Chesterfield, Missouri. The defendant subjected L.H. to vaginal intercourse and to placing her mouth on his penis. At that time, L.H. was sixteen years of age and the defendant was twenty-seven years of age. The defendant was aware at the time he flew to Missouri from California and at the time he engaged in sexual contact with L.H. that L.H. was less than seventeen years of age. The defendant recorded the sexual contact that took place on October 24, 2020, between himself and L.H. on his Apple iPhone.  On or about October 25, 2020, the defendant visited L.H. at her place of part-time employment. The defendant had no further in-person contact with L.H., but continued to communicate with L.H. via cellular telephone and/or social media until January of 2021.

The defendant's recorded sexual contact with L.H. was discovered by law enforcement when a search warrant was executed at the residence of the defendant on or about January 19, 2021. This search warrant was sought because law enforcement received a cyber tip report from

3

the National Center for Missing and Exploited Children (NCMEC) because Snapchat social media company reported to NCMEC that on or about May 14, 2020, the defendant uploaded a file of suspected child pornography to Snapchat depicting a prepubescent minor whose genitals are being spread apart by the hands of an adult female. The adult female's face is near the minor's genitals and a nude adult male with an erect penis is ejaculating onto the body of the minor.

The defendant's Apple iPhone cellular telephone was seized during the search warrant and law enforcement located images of the vagina of L.H. as well as images and videos in which L.H. is engaged in vaginal and oral intercourse with the defendant.  The images were dated October 24, 2020.

The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce.  The Defendant's Apple iPhone cellular telephone and his Alienware laptop computer were manufactured outside of the state of California and Missouri and were transported across state lines in interstate and foreign commerce.

5.   **STATUTORY PENALTIES**

The defendant fully understands that for Count I, the maximum possible penalty provided by law for the crime of Travel with the Intent to Engage in Illicit Sexual Activity with a Minor, to which the defendant is pleading guilty, is imprisonment of not more than thirty years, and a fine of not more than $250,000, or both such imprisonment and fine.  The Court may also impose a period of supervised release of not more than life and not less than five years.  In certain situations, pursuant to 18 U.S.C. §2426, if the defendant is determined by the Court to have a prior sex offense conviction under chapters 77, 109A, 110, 117 of the United States Code, a similar crime under the

4

laws of any State, then the defendant may be subject to a mandatory maximum sentence of not more than 90 years.

Additionally, per Title 18, U.S.C. § 3014, defendant fully understands that for offenses occurring on or after May 29, 2015, and before September 12, 2022, in addition to other assessments, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2423(b)). Per 18 U.S.C. § 3013, the defendant fully understands that the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

The defendant is pleading guilty with full knowledge of these statutory penalties and assessments and has discussed them with counsel and will not be able to withdraw the guilty plea if the Court determines that the defendant is subject to different sentence or assessment than recommended by the parties.

**6.   U. S. SENTENCING GUIDELINES (2018 MANUAL)**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that may apply.

**a.   Chapter 2 Offense Conduct:**

**(1)   Base Offense Level:** The parties agree that the base offense level is 32, as found in Section 2G1.3(c)(1) and 2G2.1.

5

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(a)   The parties agree that two (2) levels should be added pursuant to §2G2.1(b)(2)(A) because the offense involved the commission of a sex act or sexual contact, and

(b)   The parties agree that two (2) levels should be added pursuant to §2G2.1(b)(6) because the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct; or to solicit participation with a minor in sexually explicit conduct.

**b. Chapter 3 Adjustments:**

**(1)   Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a). if third point and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

**c. Chapter 4 Adjustments:**

**(1) Repeat and Dangerous Sex Offender Against Minors:** The parties agree that five (5) levels should be added pursuant to Section 4B1.5(b) because the defendant engaged in a pattern involving prohibited sexual conduct.

**d.** **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 38.

**e.** **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

## 7.   WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

**a.** **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)** **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

7

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea and sentences the defendant to a term of imprisonment of at least 84 months.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

**b. Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the defendant.

    **c.** <u>**Supervised Release**</u>**:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling, and that defendant not maintain a post office box. In addition, as a condition of supervised release, the defendant shall initially register with the state sex offender registration in Missouri or California and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

    These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **d.** <u>**Mandatory Special Assessment**</u>**:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

    Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 12, 2022, the Court is required to impose an assessment of

$5,000 on any non-indigent defendant convicted of an offense under Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography)).

The assessments imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

    **e.**  **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f.**  **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2429, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2429. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2429 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

    **g.**  **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in

10

any manner without further notice.  By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

9.    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

      In pleading guilty, the defendant acknowledges, fully understands, and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

      The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

      The defendant understands that, by pleading guilty, the defendant will be subject to federal and state sex offender registration requirements and that those requirements may apply for life. The defendant understands that the defendant must keep said registrations current, shall notify the

11

state sex offender registration agency or agencies of any changes in name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person said sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Missouri following release from prison, the defendant will be subject to the registration requirements of Missouri state law. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact the defendant's immigration status or result in deportation. In particular, if any crime to which the defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely

and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10.   <u>VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT</u>

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.   <u>CONSEQUENCES OF POST-PLEA MISCONDUCT</u>

After pleading guilty and before sentencing, if the defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.   **NO RIGHT TO WITHDRAW GUILTY PLEA**

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

4/11/2023
Date

Jillian S. Anderson
Jillian S. Anderson
Assistant United States Attorney

2/21/23
Date

Edson S. Ortiz
Defendant

2/21/23
Date

Daniel Juengel
Attorney for Defendant